UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CATHERINE ISABELLA MORRIS and KATHERINE ANNE SMITH**, <br><br> Plaintiffs, <br><br> v. <br><br> **PRESIDENT BARACK OBAMA, US ATTORNEY GENERAL ERIC HOLDER, JR., U.S. SENATOR RON WYDEN, U.S. SENATOR JEFF MERKLEY, OREGON GOVERNOR, JOHN KITZHABER, OREGON ATTORNEY GENERAL ELLEN ROSENBLUM, OREGON SPEAKER OF THE HOUSE TINA KOTEK,** <br><br> Defendants. | Civil Case No. 3:14-CV-01019-KI <br><br> OPINION AND ORDER DISMISSING CASE |

Catherine Isabella Morris
PO Box 173
Salem, OR 97308

Page 1 - OPINION AND ORDER DISMISSING CASE

       Katherine Anne Smith
       Salvation Army
       30 SW 2nd Ave
       Portland, OR 97204

            Pro Se Plaintiffs

KING, Judge:

       Plaintiffs Catherine Isabella Morris and Katherine Anne Smith bring a case against various representatives from the federal and state executive and legislative branches. Plaintiffs move to proceed *in forma pauperis*. An examination of the application reveals that Morris is unable to afford the costs of this action; Smith did not submit an application.

       Regardless, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

       First of all, plaintiffs must comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The only citation to any law is to 18 U.S.C. § 241, which is a criminal statute prohibiting conspiracies against an individual's constitutional rights. Plaintiffs have no private

right of action for violation of this criminal statute. Further, plaintiffs fail to allege any facts about how any of the named defendants were involved in the alleged conduct. Plaintiffs' allegations fail to put any defendant on notice of the nature of their claims.

Normally, the court must advise a pro se plaintiff of the deficiencies of the complaint and allow amendment. Because I cannot decipher any of their claims, I am unable to provide any advice. It is clear the complaint's deficiencies cannot be cured by amendment and I dismiss this complaint with prejudice.

## CONCLUSION

Because the action fails to state a claim upon which relief may be granted, I dismiss this action. I find any further amendments would be futile. As a result, this complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this <u>  11th  </u> day of July, 2014.

 /s/ Garr M. King<br>
GARR M. KING<br>
United States District Court Judge